IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOANNE WATERS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-15-2102 |
| PAUL MACKOUL, | * | |
| THE CENTER FOR INNOVATIVE | * | |
| GYN CARE, P.C., | | |
| INNOVATIONS SURGERY CENTER, P.C., | * | |
| SILVER SWAN BAYSIDE, LLC, | | |
| QUEEN ANNE MARINA, LLC and | * | |
| QUEEN ANNE MARINA, INC., | | |
| | * | |
| Defendants. | | |

******

MEMORANDUM OPINION

Pending before the Court is a Motion to Remand to State Court filed by Plaintiff Joanne Waters (the "Plaintiff") (ECF No. 22) and a Motion to Dismiss filed by Defendants Paul MacKoul, The Center for Innovative GYN Care, P.C., Innovations Surgery Center, P.C., Silver Swan Bayside, LLC, Queen Anne Marina, LLC, and Queen Anne Marina, Inc. (the "Defendants") (ECF No. 24). The issues have been fully briefed, and the parties were granted a hearing on the matter which took place on August 12, 2016. For the following reasons, the Plaintiff's motion will be GRANTED and the case will be remanded to the Circuit Court for Montgomery County, Maryland. Defendants' motion to dismiss (ECF No. 24) will be DENIED AS MOOT.

1

I.      **BACKGROUND**

On June 15, 2015, Plaintiff filed her complaint in the Circuit Court for Montgomery County Maryland, claiming that her boss, Defendant Dr. Paul MacKoul, took a variety of adverse employment actions against her in response to Plaintiff's refusal to participate in his alleged violations state and federal laws, including unlawful medical claim billing, tax evasion, and healthcare fraud. ECF No. 2 at 4, 23–25, 28, 35–36, 39. Plaintiff specifically avers that Defendant MacKoul violated a variety of federal statues, to include the False Claims Act, the Health Insurance and Accountability Act of 1996 (HIPAA), and the Health Information Technology for Economic and Clinical Act of 2009 (the HITECH Act). Plaintiff further asserts that she discussed these violations with Defendant McKoul on numerous occasions, making clear that she would not participate in his suspect business practices or be otherwise complicit. As a result, Defendant MacKoul took a variety of employment actions which were adverse to Plaintiff. Plaintiff also claims breach of contract, violation of Maryland's wage payment and collection law, and intentional infliction of emotional distress. ECF No. 2 at 30, 32, 37.

On July 17, 2015, Defendants filed a Notice of Removal with this Court, premised on federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 1441, and diversity jurisdiction, pursuant to 28 U.S.C. § 1332. ECF No. 1 at 1. Defendants specifically assert in the Notice of Removal (and again conceded at the hearing before this Court) that original jurisdiction stemmed solely from the retaliation provisions of the False Claims Act, 31 U.S.C. § 3730(h). *Id.* Notably, however, neither this particular provision nor any of the elements of a § 3170(h) retaliation claim appear anywhere in Plaintiff's original complaint.

2

Additionally, immediately prior to Defendants' noting removal, Plaintiff had filed a redlined version of an amended complaint which was docketed in Circuit Court before the notice to the state Court of Defendants' removal. The Court was unaware that Plaintiff had filed an amended complaint in state court because Defendants failed to comply with Local Rule 103.5, requiring that the removing party provide the Court with the entire state court file. Rather, Defendants initially made available only a self-selected portion of the file which omitted the redlined amended complaint.

Once the case was removed, Plaintiff immediately informed the Court that she wished to move for remand because: (1) the Court lacked federal question jurisdiction and (2) diversity jurisdiction was defeated pursuant to 28 U.S.C. § 1441(b)(2) as at least one named defendant is a citizen of Maryland.  ECF No. 14. After one failed attempt at pretrial resolution during which the Court tolled Plaintiff's time to file her motion, Plaintiff timely filed for remand thereafter. ECF Nos. 20 and 22.[1]

Defendants singularly assert in their opposition to remand that removal is appropriate because Plaintiff is a citizen of Tennessee and all Defendants are citizens elsewhere.  Defendants wholly fail to counter either of Plaintiff's arguments. ECF No. 23.

## II.    ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of

---

[1] The Court's case management order requires each party request leave to file any dispositive motion via pre-motion correspondence, with the time to file tolled unless and until the Court grants leave and sets a briefing schedule. ECF No. 7 at 2. *Cf. Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 329 (4th Cir. 2012) (unpublished opinion) ("The failure to obtain leave results in an amended complaint having no legal effect. Without legal effect, it cannot toll the statute of limitations period.") (quoting *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir.2003)).

3

the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case

may require payment of just costs and any actual expenses, including attorney fees, incurred as a

result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the

clerk of the State court." *Id.* § 1447(c). As the Fourth Circuit recognizes, "[d]etermining the

question of subject matter jurisdiction at the outset of the litigation is often the most efficient

procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The removing party bears the burden of proving subject matter jurisdiction. *Md. Stadium

Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir.2005). "[B]efore a federal court can

decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v.

Brown*, 462 F.3d 312, 316 (4th Cir. 2006). "Because removal jurisdiction raises significant

federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia

Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v.

Sheets*, 313 U.S. 100, 108–09 (1941)); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D.

Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the

case to state court."). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29

F.3d at 151.

### 1.  Federal Question Jurisdiction

As a preliminary matter, the Court notes that Defendants delayed the full and fair

determination of this case by failing at the outset to provide a complete copy of the state court

docket as required pursuant to Local Rule 103.5; s*ee also* 28 U.S.C. § 1447(b) (the Court "may

require the removing party to file with its clerk copies of *all records* and proceedings in such state Court."). The purpose of the rule is to ensure that this Court has *all pleadings*, not just those that Defendants wish the Court to review—a particularly critical distinction when assessing fundamental questions of this Court's jurisdiction. Despite Defendants' familiarity with the local rules in other respects (see ECF No. 8), Defendants did not provide the Court a full copy of the state court file until ordered to do so. ECF No. 39.

As a result, neither the Court nor the parties had the benefit of the full docket while the question of remand was being briefed. Had the full docket been provided at the outset, it would have been plain to the parties and the Court that Plaintiff had filed a redlined version of an amended complaint. This amended complaint—which Montgomery County Circuit Court accepted—had removed any and *all references* to federal statutes of any kind.

That said, reading either the original or amended complaint, it is clear that Plaintiff has brought no cognizable claim under any federal statute, and thus this Court lacks federal question jurisdiction. Federal question jurisdiction lies where the Court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)–(c). "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. & Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect." *Id.* at 43 (quoting *Cuyahoga Co. v. Northern Ohio Co.*, 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Burgess*, 477 F.2d at

5

42 (citing *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932)). Nor can removal jurisdiction be based on the court's supplemental jurisdiction under 28 U.S.C. § 1367. *See Briddelle v. T & J Foods, Inc.*, 18 F. Supp. 2d 611, 612 (D. Md. 1998); 14B Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction* § 3722 (4th ed.).

Defendants claimed initially that federal question jurisdiction lies because "plaintiff alleges violations of the anti-retaliation provision of the False Claims Act, 31 U.S.C. § 3730(h)." ECF No. 1 at 2. § 3730(h) was enacted to "prevent[] the harassment, retaliation, or threatening of employees who assist in or bring *qui tam* actions." *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 914 (4th Cir. 1997). The elements of a § 3170(h) claim are: (1) an employee took acts in furtherance of a *qui tam* suit; (2) his employer knew of these acts; and (3) his employer discharged him as a result of these acts. *Id.* at 913.

Nowhere does Plaintiff allege in her original or amended complaint a violation of § 3730(h). As Defendants conceded at oral argument, Plaintiff's complaint nowhere mentions a *qui tam* action nor avers that Plaintiff initiated or took any steps to initiate *a qui* tam action. At most, Plaintiff's complaint asserts that she "merely informed" Defendant MacKoul "of the problem and sought confirmation that a correction was made," which is insufficient as a matter of law to sustain a 3730(h) action. *Zahodnick*, 135 F.3d at 914. Accordingly, despite the confusion that Defendants had caused by failing to comply with Local Rule 103.5, neither the original nor amended complaint bestow federal question jurisdiction on this Court.

### 2. The Forum Defendant Rule

Similarly, diversity jurisdiction is defeated because Plaintiff rightly invokes the forum defendant rule, 28 U.S.C. § 1441(b)(2). Federal courts generally retain jurisdiction where the

amount in controversy exceeds $75,000 and the adverse parties are "diverse," *i.e.*, citizens of different States. 28 U.S.C. § 1332. However, an otherwise-removable diversity case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The rule recognizes that "where the defendant is a citizen of the state in which the case is brought," the impetus to protect out-of-state defendants from being hauled into local state court is removed. *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 643 (D. Md. 2015) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)).

Here, multiple corporate defendants are citizens of Maryland. ECF No. 8 at 1; ECF No. 22-1 at 2; *see also* ECF No. 2 at 2–3. Plaintiff Waters pleads that she is a resident of Tennessee. ECF No. 2 at 2.  Thus, pursuant to the forum-defendant rule, remand is warranted.

**3.     CONCLUSION**

For the foregoing reasons, it is this 16th day of August, 2016, Plaintiff's motion to remand will be GRANTED and the Defendants' Motion to Dismiss will be DENIED as moot. A separate order will follow.

 8/16/2016                                                                      /S/
Date                                                              Paula Xinis
                                                                  United States District Judge